ANDREW J. WILCOX *vs.* CLARA HERSCH *et als.*

JUNE 22, 1920.

PRESENT: Sweetland, C. J., Vincent, Stearns, Rathbun, and Sweeney, JJ.

(1) *Principal and Surety. Bankruptcy. Bonds. Discharge of Principal.*
The discharge in bankruptcy of one obligor on a common law bond does not release the remaining obligors.

DEBT ON BOND. Heard on exceptions of defendant and overruled.

SWEENEY, J. This is an action of debt on bond against three defendants. The defendants filed the general issue and also a special plea alleging the discharge in bankruptcy of Clara Hersch, one of the defendants, and claiming that the three defendants thereby became released and discharged

from said bond. The plaintiffs demurred to this special plea claiming that said discharge of Clara Hersch did not discharge the other two defendants. The Superior Court sustained this demurrer and, jury trial being waived, afterwards rendered decision for the plaintiffs in the penal sum of the bond. The defendants duly claimed exceptions to the action of the Superior Court and have prosecuted their bill of exceptions to this court and allege as grounds therefor (1) that the court erred in sustaining the demurrer to defendants' special plea and (2) that the court erred in giving decision for the plaintiffs in the penal sum of the bond.

The first ground cannot be sustained as the Superior Court correctly held that the declaration showed that the action was brought on a common law bond, and the discharge in bankruptcy of one of the obligors would not release the other two obligors. In their brief the defendants do not question the correctness of this decision as to the sureties on the bond, but claim that the defendant Clara Hersch should be held released from her obligation on the bond. The 16th section of the Bankruptcy Act provides that "the liability of a person who is a co-debtor with, or guarantor or in any manner a surety for, a bankrupt shall not be altered by the discharge of such bankrupt," and in Collier on Bankruptcy, 11th ed. page 417, in referring to this section, it is stated that "the obligor continues liable though the principal or a co-obligor be discharged."

The court was also correct in giving decision for the plaintiffs against the defendants upon the pleadings and admissions of the parties, under the law as above quoted.

A question of law similar to one of the questions raised in the case at bar was decided by this court in the case of *Butterick Publishing Co.* v. *Bowen Co.*, 33 R. I. 40, wherein this court held that the Superior Court could enter a special judgment against the bankrupt defendant in said suit, with a perpetual stay of execution against him.

All of the defendants' exceptions are overruled, and the case is remitted to the Superior Court with direction to enter

judgment for the plaintiffs against the defendants with a perpetual stay of execution against said Clara Hersch.

*Edward C. Stiness, Daniel H. Morrissey, Christopher J. Brennan,* for plaintiff.

*Bellin & Bellin, John F. Harlow, Jr.,* for defendant.